IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) |  |
| ROGER L. BAKER ONITA G. BAKER, | ) ) ) | CASE NO. 14-37087-H3-13 |
| Debtors, | ) ) |  |

MEMORANDUM OPINION

The court has held a hearing on the court's "Order to Show Cause" (Docket No. 15) directed to Debtors and Debtors' counsel, Jeffrey D. Wagnon. The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Roger L. Baker and Onita G. Baker ("Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the instant case on December 31, 2014.

Prior to the filing of the instant case, Debtors (either together or separately) have been debtors in six previous Chapter 13 cases. The court takes judicial notice of the docket sheets in each of the cases, as well as the contents of the electronic case files.

Debtors filed their first case in the United States Bankruptcy Court for the Eastern District of Texas on August 4, 1998, in Case No. 98-91385.  In the first case, Debtors filed a list of creditors, schedules, and a statement of financial affairs.  Debtors appeared for a meeting of creditors.  Debtors obtained confirmation of a Chapter 13 plan, and completed all of the payments under the Chapter 13 plan.  A discharge was entered in the first case on September 7, 2003.  Debtors' counsel in the first case was Robert E. Barron.

Roger Baker filed a second[1] case in the United States Bankruptcy Court for the Eastern District of Texas on December 15, 2003, in Case No. 03-90944.  In the second case, Roger Baker filed a list of creditors, schedules, and a statement of financial affairs.  He appeared for a meeting of creditors.  Roger Baker did not obtain confirmation of a plan.  The court denied confirmation of the plan, and Roger Baker did not file an amended plan during the time within which he was ordered to do so after confirmation was denied.  The court dismissed the second case, by order entered on November 1, 2004, with prejudice to the filing of a petition under Title 11, for 120 days from November 1, 2004.  (Docket No. 19, Case No. 03-90944 (Bankr. E.D. Tex.)).

---

[1]The court's ordinal numbers describing the instant cases refer to the total sequence of cases between the two Debtors.  As noted below, some of the cases were filed by one Debtor, and some were filed by both Debtors.

Roger Baker's counsel in the second case was Walter D. Stephens.

Debtors filed a third case in the United States Bankruptcy Court for the Eastern District of Texas on March 14, 2012, in Case No. 12-10173.  In the third case, Debtors filed a list of creditors, schedules, and a statement of financial affairs.  Debtors appeared for a meeting of creditors.  Debtors obtained confirmation of a Chapter 13 plan.  Debtors sought and obtained approval of a modification of the plan.

On August 6, 2013, the Chapter 13 trustee moved to dismiss the third case on grounds Debtors had failed to make plan payments.  (Docket No. 50, Case No. 12-10173 (Bankr. E.D. Tex.)).  The court entered an agreed order providing that the case would be dismissed on the trustee's motion if Debtors were not current in making plan payments by November 5, 2013.  (Docket No. 52, Case No. 12-10173 (Bankr. E.D. Tex.)).

On November 4, 2013, one day before the third case was scheduled to be dismissed, Debtors filed a second motion to modify the Chapter 13 plan.  The Chapter 13 trustee objected to the modification, and a hearing was set for January 8. 2014.  The Chapter 13 trustee also filed an additional motion to dismiss, asserting the Debtors' failure to make Chapter 13 plan payments as grounds for dismissal.  At the hearing on January 8, 2014, the court denied approval of the Debtors' second motion to modify, and granted the trustee's motion to dismiss the third case.

(Docket Nos. 61, 62, Case No. 12-10173 (Bankr. E.D. Tex.)). Debtors' counsel in the third case was Robert E. Barron.

On March 6, 2014, two months after the third case was dismissed in the United States Bankruptcy Court for the Eastern District of Texas, Debtors filed the fourth case, in this court, in Case No. 14-31354-H3-13.[2]  In the fourth case, Debtors filed a petition, certificates of credit counseling, and a list of creditors.  Debtors certificates of credit counseling indicated that they received briefings on March 6, 2014.  (Docket No. 8, Case No. 14-31354-H3-13).  Debtors did not file schedules, a statement of financial affairs, a statement of current monthly income and calculation of commitment period and disposable income ("Form B22C"), payment advices, or a plan.  The fourth case was dismissed, by order entered on April 21, 2014.  (Docket No. 15, Case No. 14-31354-H3-13).  Debtors' counsel in the fourth case was Jeffrey D. Wagnon.

On May 23, 2014, Debtors filed the fifth case, in this court, in Case No. 14-32875-H3-13.  In the fifth case, Debtors filed the petition, schedules, statement of financial affairs, Form B22C, a plan, and the March 6, 2014 credit counseling

---

[2]Beginning with the third case, Debtors have sought to protect real property located in Bedias, Texas.  Bedias is in Grimes County, Texas.  Grimes County is in the Southern District of Texas.  However, in the third case, Debtors had a mailing address in Groves, Texas, in Jefferson County, in the Eastern District of Texas.

certificates.  Debtors did not file payment advices.

The Chapter 13 trustee moved to dismiss the fifth case, on grounds Debtors had failed to implement a wage deduction order, provide sufficient information regarding a domestic support obligation, provide for payment in full of secured and priority claims within the terms of the plan, make plan payments, appear for the meeting of creditors, file their federal income tax returns for 2012 and 2013, file copies of payment advices, provide copies of tax returns and proof of identity to the trustee, and provide for the mortgage in the plan.  (Docket No. 12, Case No. 14-32875-H3-13).  The fifth case was dismissed on the trustee's motion, by order entered on August 28, 2014.  (Docket No. 17, Case No. 14-32875-H3-13).  Debtors' counsel in the fifth case was Jeffrey D. Wagnon.

On September 26, 2014, Debtors filed the sixth case, in this court, in Case No. 14-35258-H3-13.  In the sixth case, Debtors filed the petition, schedules, statement of financial affairs, Form B22C, a plan, payment advices, and the March 6, 2014 credit counseling certificates.[3]

---

[3]The sixth case was filed on September 26, 2014, 204 days after the date of the March 6, 2014 credit counseling briefing. As such, it did not satisfy the requirements of Section 109(h)(1) of the Bankruptcy Code that the briefing be obtained within the 180 day period ending on the date of filing of the petition. Debtors thus were not eligible to file the sixth case.

The Chapter 13 trustee moved to dismiss the sixth case, on grounds, inter alia, Debtors failed to implement a wage deduction order, provide sufficient information regarding a domestic support obligation, provide for payment in full of secured and priority claims within the terms of the plan, and file their federal income tax returns for 2012 and 2013. (Docket No. 17, Case No. 14-35258-H3-13). The sixth case was dismissed on the trustee's motion, by order entered on December 11, 2014. (Docket No. 29, Case No. 14-35258-H3-13). Debtors' counsel in the sixth case was Jeffrey D. Wagnon.

Debtors filed the instant case, their seventh case overall, and the fifth case in three years, on December 31, 2014. Debtors' counsel in the instant case is Jeffrey D. Wagnon.

The petition in the instant case directed Debtors to disclose all prior bankruptcy cases filed within the previous 8 years. Although Debtors had filed five cases within the previous 8 years, Debtors disclosed only two previous cases (the fifth and sixth cases).

In the instant case, Debtors initially filed the petition, a plan, and a mailing matrix. On March 11, 2015, 70 days after the date of filing of the petition, and one day before the hearing on the instant order to show cause, Debtors filed schedules, statement of financial affairs, and Form B22C. (Docket No. 22). Debtors have not filed payment advices.

Debtors filed with the petition a statement indicating that they had received a credit counseling briefing within the 180 days prior to the filing of the petition in the instant case.  They checked the boxes indicating that their certificates were attached.  However, no certificates were attached.  (Docket No. 1).  Debtors have filed no credit counseling certificates.

In light of the multiple filings by the Debtors, the court entered the instant Order to Show Cause on February 19, 2015.  (Docket No. 15).  The instant order directs Debtors and Debtors' counsel to appear, and show cause why the instant Chapter 13 case should not be dismissed with prejudice to filing another case within 180 days, and why sanctions should not be imposed.  The instant order set an evidentiary hearing.

At the hearing on the instant motion, Roger Baker testified regarding the previous cases Debtors have filed, and the instant case.  He testified that he allowed the second case to be dismissed because he obtained new employment, and no longer needed relief.  He testified that the third case was dismissed because, although he was sending payments to the Chapter 13 trustee, the payments were not being received.  He testified that the fourth case was dismissed because his attorney, Wagnon, failed to make the necessary filings.  His testimony is not clear as to his understanding of the reason the fifth and sixth cases were dismissed.

Roger Baker testified that he believes his Chapter 13 plan was confirmed in each of the cases Debtors filed. In fact, the only case in which a plan was confirmed, among all the cases Debtors filed, was the first case, filed in 1998. He testified that Debtors have attended the meeting of creditors in only one of the four most recent cases.

On examination by counsel for the Chapter 13 trustee, Roger Baker testified that he does not know how many Chapter 13 plan payments Debtors have made during the four most recent cases. He testified that he does not "keep up" with the payments.[4]

Wagnon testified that he has filed more than one thousand bankruptcy cases. He testified that he has filed approximately 60 to 70 cases in this district, of which approximately 12 to 15 were Chapter 13 cases. He testified that, among the Chapter 13 cases he has filed, only one case has resulted in a confirmed plan.[5]

The court has reviewed its electronic case filing system. Wagnon filed 68 total cases in this district during the time from July 1, 2013 through March 12, 2015, the date of the

---

[4]Although several of the cases have been dismissed for failure of the Debtors to make Chapter 13 plan payments, the court interprets Mr. Baker's testimony that he does not "keep up" with the payments to mean that he does not keep records or maintain awareness of whether payments have been made.

[5]In re French, Case No. 14-32876-H1-13.

hearing on the instant Order to Show Cause, of which 25 were Chapter 13 cases. Of these 25 Chapter 13 cases, eight (including Debtors' fifth through seventh cases) represent repeat filings by Wagnon.[6]

Wagnon testified that Debtors' fourth case (the first in which he represented Debtors) was filed because Debtors believed their plan payments were too high in their case pending in the Eastern District of Texas. He testified that Debtors' goal in filing each of their cases has been to stop the foreclosure of Debtors' real property. He testified that he is aware that the automatic stay did not take effect in the instant case, as a result of the filing and dismissal of Debtors' previous cases in the year preceding the filing of the instant case.

Wagnon testified that he took over the practice of an attorney for whom he was previously working, after that attorney was disbarred. He testified that he believes he has taken steps to correct the issues in his cases. He did not testify as to specific steps he has taken.

---

[6]The case numbers for cases other than those of the Debtors in the instant case of the repeat Chapter 13 filings by Wagnon (which do not include the initial cases filed by Wagnon) are 14-32874-H1-13, 15-30715-H1-13 (In re Jones), 14-32876-H1-13 (In re French), 15-30151-H1-13 (In re Parks), and 14-37088-H2-13 (In re Lira).

9

With respect to the credit counseling certificate in the instant case, Wagnon testified that he believed he had it, but did not recall whether it had been filed.

### Conclusions of Law

Section 109 of the Bankruptcy Code provides in pertinent part:

> (g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if -
>
> > (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case.
>
> * * *
>
> (h)(1) Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. § 109.[7]

Section 521 of the Bankruptcy Code provides in pertinent part:

---

[7]None of the exceptions in Sections 109(h)(2) or 109(h)(3) of the Bankruptcy Code are applicable in the instant case.

10

(a) The debtor shall

    (1) file--

        (B) unless the court orders otherwise

            (i) a schedule of assets and liabilities;

            (ii) a schedule of current income and current expenditures;

            (iii) a statement of the debtor's financial affairs...;

            (iv) copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the detbor from any employer of the debtor;

            (v) a statement of the amount of monthly net income, itemized to show how the amount is calculated; and

            (vi) a statement disclosing any reasonably anticipated increase in income or expenditures over the 12-month period following the date of the filing of the petition;

            \* \* \*

(b) In addition to the requirements under subsection (a), a debtor who is an individual shall file with the court--

    (1) a certificate from the approved nonprofit budget and credit counseling agency that provided the debtor services under section 109(h) describing the services provided to the debtor; and

    (2) a copy of the debt repayment plan, if any, developed under section 109(h) through the approved nonprofit budget and credit counseling agency referred to in paragraph (1).

> \* \* \*
>
> (i)(1) Subject to paragraphs (2) and (4) and notwithstanding Section 707(a), if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of filing of the petition.

11 U.S.C. § 521.[8]

Bankruptcy Rule 1007(b)(3)(B) permits a debtor to file a statement that the debtor has received the credit counseling briefing required by Section 109(h)(1) of the Bankruptcy Code, but does not have the certificate required by Section 521(b) of the Bankruptcy Code.  Rule 1007(b)(3)(B), Fed. R. Bankr. P.  Bankruptcy Rule 1007(c) provides, <u>inter alia</u>, that if the debtor files such a statement, the debtor shall file the certificate within 14 days of the order for relief.  Rule 1007(c), Fed. R. Bankr. P.

The instant case is Debtors' seventh case overall, and their fifth in less than three years.  The fifth and sixth cases each were pending during the 180-days preceding the date of filing of the petition in the instant case.  Each of the previous five cases was dismissed, based on failure of the Debtors to comply with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.  The court infers from the pattern of

---

[8]None of the exceptions in Sections 521(i)(2) and 521(i)(4) are applicable in the instant case.

dismissals and re-filing in unchanged circumstances that Debtors' failure to properly prosecute the fifth and sixth cases, as well as the instant case, was willful.  See Walker v. Stanley, 231 B.R. 343 (N.D. Cal. 1999).  Thus, on the petition date in the instant case, Debtors were not eligible to be debtors under Title 11, pursuant to Section 109(g)(1) of the Bankruptcy Code.

Additionally, Debtors failed to receive the briefing required by Section 109(h)(1) within the 180-day period preceding the date of filing of the petition.  Thus, on the petition date in the instant case, Debtors were not eligible to be debtors under Title 11, pursuant to Section 109(h)(1) of the Bankruptcy Code.

In the instant case, Debtors failed to timely file schedules, the statement of financial affairs, Form B22C, and payment advices.  Under Section 521(i)(1) of the Bankruptcy Code, dismissal of the instant is automatic, and is effective on the 46th day after the date of filing of the petition.

As noted above, the court infers from Debtors' multiple filings without any demonstrated change of circumstances that their failure to appear in proper prosecution of the instant case was willful.[9]  The court concludes that the dismissal of the

---

[9] Wagnon's testimony that Debtors consulted with him because they believed that the plan payment in their confirmed plan was too high does not support a finding of changed circumstances.  It does support a finding that the petition in the instant case may have been filed for an improper purpose.

instant case should be with prejudice to filing another petition under Title 11 for 180 days from the date of entry of the Judgment dismissing the instant case.

> Bankruptcy Rule 9011(b) provides in pertinent part:
>
> (b) Representations to the Court. By Presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
>> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>>
>> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Rule 9011(b), Fed. R. Bankr. P.

In the instant case, Wagnon signed the petition in violation of Bankruptcy Rules 9011(b)(2) and 9011(b)(3). The petition in the instant case contains statements that Debtors had filed only two previous cases in the eight years prior to the filing of the petition in the instant case, when Debtors had filed four previous cases during that time period. The petition also contains statements that the Debtors received a briefing

from a credit counseling agency within the 180 days before the filing of the petition in the instant case, and that the certificate of the credit counseling agency was attached.  A reasonable inquiry would have led Wagnon to conclude that Debtors had filed at least three previous cases (in which he was counsel for the Debtors), and should have led him to discover the other cases as well.  A reasonable inquiry would have led Wagnon to conclude that the certificate was not attached, and that Debtors had not received a briefing during the 180 days prior to the filing of the instant case.

      In the instant case, Wagnon signed the petition in violation of Bankruptcy Rule 9011(b)(1).  Even though Debtors' previous three cases, in which Wagnon was counsel, had been dismissed for failure to file documents, Wagnon continued to sign and file pleadings, including the petition in the instant case, without adequately ensuring that the same issues that arose in the previous case would not arise in the instant case.  In fact, the same issues did arise in the instant case, and, as set forth above, have led to the dismissal with prejudice of the instant case.  Moreover, because the automatic stay did not take effect in the instant case, it is not clear whether the filing of the instant case served any purpose at all.

> Bankruptcy Rule 9011(c) provides in pertinent part:
>
> (c) Sanctions.
>
> If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.
> * * *
>
> (2) Nature of sanction; limitations
>
> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated...

Rule 9011(c), Fed. R. Bankr. P.

Wagnon's actions in signing the petition in the fourth case may or may not have violated Bankruptcy Rule 9011(b). However, rather than correcting the errors in the previous cases, Wagnon continued to file deficient cases on behalf of the Debtors, including the instant case. The court finds that the sanction necessary to deter repetition of such conduct is to enjoin Wagnon from filing Chapter 13 cases in this district until he has completed 15 hours of continuing legal education in consumer bankruptcy law. The court notes that the sanction entered in the instant case does not prohibit Wagnon from continuing as counsel in the cases currently pending. However, Wagnon should investigate each of those cases to ensure that he has taken adequate steps to deter the repetition of the errors in his previous cases.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on March 30, 2015.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE